UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CIV-21107-LENARD

**SUNTRUST BANK,**

      Plaintiff,

v.

**JOHN H. RUIZ AND MAYRA C. RUIZ,**

      Defendants.
_____/

## SUNTRUST'S MOTION FOR SUMMARY JUDGMENT

Mr. and Mrs. Ruiz borrowed $2,999,500.00 to refinance their home loans. They were obligated to pay back the money in monthly installments. They failed to do so. Mr. and Mrs. Ruiz have not made a loan payment in over forty months. SunTrust Bank now sues for breach of promissory note. There are no viable defenses to this lawsuit. Summary judgment is warranted.

### I. BACKGROUND

A. **Mr. and Mrs. Ruiz borrow money and sign a promissory note.**

Mr. and Mrs. Ruiz refinanced their home loan on April 23, 2007. (SUMF[1] ¶¶ 1-3.) As part of the refinance transaction, Mr. and Mrs. Ruiz executed a promissory note and mortgage in the amount of $2,999,500.00 in favor of SunTrust Mortgage, Inc. on April 23, 2007. (*Id.* ¶ 2.)

Part of the money lent to Mr. and Mrs. Ruiz was used to satisfy preexisting liens on the property in the amount of $2,032,745.54. (SUMF ¶ 3.) As for the remaining funds, Mr. and Mrs. Ruiz received $913,885.98 in cash. (*Id.*)

---

[1] "SUMF" refers to the Statement of Undisputed Material Facts filed simultaneously with this motion pursuant to Local Rule 56.1.

Mr. and Mrs. Ruiz reviewed and understood terms of the promissory note before they voluntarily signed it. (SUMF ¶ 4.) They cannot identify a false or misleading statement by SunTrust at any point during the course of obtaining this refinance loan. (*Id.* ¶ 5.)

The terms of the promissory note require Mr. and Mrs. Ruiz to make a payment on the first of every month or they will be in default. (SUMF ¶¶ 6-7.) The adjustable rate note was "interest only" for the first ten years of the loan. In other words, Mr. and Mrs. Ruiz were only paying interest on the unpaid principal. (*Id.* ¶ 8.)

B.  **They stop making loan payments in May 2011.**

SunTrust Mortgage, Inc. sent Mr. and Mrs. Ruiz a bill for the May 2011 monthly payment. (SUMF ¶ 9.) In response, Mr. and Mrs. Ruiz (through Mr. Ruiz's law firm, John H. Ruiz, P.A.) sent a check to pay that bill—it was returned for insufficient funds. (*Id.* at ¶ 10.)

Mr. and Mrs. Ruiz breached the terms of the promissory note by failing to make their May 1, 2011 payment and all subsequent payments. (SUMF ¶¶ 11-12.) They have no evidence of making any payments past this point. (*Id.* ¶ 13.) No one told them to stop making payments due and owing under the promissory note. (*Id.* ¶ 14.)

C.  **They owe SunTrust Bank the entire principal balance, plus interest and fees.**

Mr. and Mrs. Ruiz were notified of their nonpayment default. (SUMF ¶ 15.) They did not cure the default. (*Id.* ¶ 16.) Because Mr. and Mrs. Ruiz were making interest only payments, they have not paid back any of the principal balance. (*Id.* ¶ 17.) They owe the full principal balance of $2,999,500.00, along with $664,742.01 in interest, plus attorneys' fees. (*Id.* ¶ 17.)

The promissory note was specially indorsed to plaintiff SunTrust Bank prior to the filing of this action. (SUMF ¶ 21.) SunTrust physically possessed the specially indorsed promissory

note and had the right to enforce the note when it filed the complaint on March 26, 2014. (*Id.* ¶¶ 22-23.)  The loan was also assigned to SunTrust Bank. (*Id.* ¶ 20.)

## II. LEGAL ARGUMENT

A.  **Legal standard for summary judgment.**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a).  "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial." *International Stamp Art v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006).  "If the non-moving party fails to make a sufficient showing as to any essential element of his case on which he has the burden of proof, the moving party is entitled to summary judgment as a matter of law.  Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant.  For factual issues to be considered genuine, they must have a real basis in the record." *Bradley v. Pfizer, Inc.*, 440 Fed. Appx. 805, 807 (11th Cir. 2011) (internal citations omitted).

Although defendants' motion to dismiss is still pending, there is nothing in Fed. R. Civ. P. 56(b) or the Court's scheduling order that prohibits adjudication of a dispositive motion before defendants answer the complaint. Rule 56(d) allows a non-movant to argue a motion is premature (*e.g.* because of pending discovery) but that does not apply here.  The discovery cutoff has passed, and defendants did not propound any written discovery or take any depositions.

B.  **SunTrust has standing to enforce the promissory note.**

Under Florida Law, a promissory note is a negotiable instrument. *See Dasma Investments, LLC v. Realty Associates Fund III, L.P.*, 459 F. Supp. 2d 1294, 1302 (S.D. Fla.

2006) (citing *Perry v. Fairbanks*, 888 So.2d 725, 726 (Fla. 5th DCA 2004). A promissory note is a negotiable instrument subject to Florida's Uniform Commercial Code. *See* FLA. STAT. § 673.1041(1); *Riggs v. Aurora Loan Servs., LLC*, 36 So. 3d 932, 933 (Fla. 4th DCA 2010) (*rev. denied.* 53 So.3d 2011); *Am. Bank of the South v. Rothenberg*, 598 So. 2d 289, 291 (Fla. 5th DCA 1992). The "person entitled to enforce" such an instrument is the "holder of the instrument." FLA. STAT. § 673.3011(1). Florida's UCC defines a "holder" of a promissory note as "the person in possession if the instrument is payable to bearer … " FLA. STAT. § 671.201(21)(a). "Bearer" is further defined as "a person in possession of a negotiable instrument … that is payable to bearer." *See* FLA. STAT. § 671.201(5). If the indorsement "identified a person to whom it makes the instrument payable, it is a "special indorsement." *See* FLA. STAT. § 673.2051. In sum, if a promissory note is specially indorsed to a party, and that party physically possesses the note, it can enforce it. *See* FLA. STAT. § 673.3011.

      The promissory note was initially payable to SunTrust Mortgage, Inc. The last page of the promissory note contains a special indorsement from SunTrust Mortgage, Inc. to SunTrust Bank. (SUMF ¶ 21.) The note was specially indorsed prior to the filing of the lawsuit, and the original note was in SunTrust's possession at the time it filed this lawsuit. (*Id.* ¶¶ 21-23.) Because SunTrust was in possession of the original note, specially indorsed to SunTrust, at the time this action was commenced, it is authorized by Florida Statutes section 673.3011(1) to enforce the promissory note.

      SunTrust, through its counsel, is in possession of the original promissory note and will submit same to the Court if and when requested by the Court and in the manner so directed.

C. **Defendants breached the promissory note.**

"The promissory note is itself evidence of the existence of the debt and … is sufficient to establish a prima facie case.…[N]o additional evidence of the present existence of the debt is necessary…." *See Paladin Shipping Co., et al. v. Star Capital Fund, LLC, et al.*, 491 Fed. Appx. 42, 45 2012 WL 4465209 at *8 (11th Cir. 2012) (*quoting Knauer v. Levy*, 115 So. 2d 776, 777 (3d DCA 1959)); *SunTrust Bank v. Donald Armsey*, 2010 WL 4553766 at *2 (S.D. Fla. 2010) ("A promissory note, if mature and regular on its face, is sufficient to establish a prima facie case for enforcement … 'summary judgment is appropriate [unless there is] evidence of any release, waiver, novation or discharge of the valid promissory note.'")(citations omitted); *Jacobs v. Becks*, 355 So. 2d 1241, 1243 (Fla. 1st DCA 1978) ("Plaintiff's possession of the uncancelled notes … establishes a prima facie case for recovery on the notes"); *Dasma Investments, LLC*, 459 F. Supp. 2d at 1302 (S.D. Fla. 2006) (recognizing that a party in possession of the original note can prevail in an action on the note).

The evidence conclusively shows **(i)** Mr. and Mrs. Ruiz knowingly and voluntarily executed the promissory note for $2,999,999.50 (SUMF ¶¶ 2, 4); **(ii)** they were required to repay the money they borrowed in monthly installments (*Id.* ¶¶ 6-7); **(iii)** they breached the repayment terms when their loan payment for May 2011 was returned due to insufficient funds (*Id.* ¶¶ 9-10); and **(iv)** they did not make any subsequent payments. (*Id.* ¶¶ 11-13.)  Although the note is not mature on its face—the final monthly installment payment would have been due on May 1, 2037—the evidence clearly shows Mr. and Mrs. Ruiz breached the promissory note repayment terms as of May 2011. (*Id.*) (Note ¶ 7(B) "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.")

**D.      SunTrust satisfied all conditions precedent prior to enforcing the promissory note.**

Mr. and Mrs. Ruiz were sent a notice of default and intent to accelerate letter on September 7, 2011 via first-class mail.  (SUMF ¶ 15.)  The notice warned Mr. and Mrs. Ruiz that "if reinstatement funds are not received within thirty days from the date of this letter, it may become necessary to accelerate the entire balance of the loan." (*Id.*)  However, they failed to cure the default, and do not dispute they ceased making payments on the loan. (*Id.* ¶¶ 10-13, 16.)

**D.      The amounts due and owing.**

There is $3,664,242.01 due on this loan, representing principal due on the note and interest from April 1, 2011 through October 28, 2014.  (SUMF ¶ 17.)

Pursuant to paragraph 7(E) of the note, SunTrust is entitled to recover its attorneys' fees and costs.  (*Id.*) SunTrust reserves the right to seek these fees and costs at a later date.

**E.      No viable defenses.**

The Ruizes have admitted lack of payment so "tender" is not a viable defense under Fla. Stat. § 673.6031. (SUMF ¶¶ 11-13.)  They acknowledge there is no document or contract that allows them to return the property as payment instead of actual money. (*Id.* ¶ 18.)  They acknowledge the promissory note does not contain terms that require SunTrust to modify the note. (*Id.* ¶ 19.)   SunTrust has not discharged the promissory note by cancellation or renunciation. Fla. Stat. § 673.6041.

To the extent defendants argue SunTrust should have foreclosed the corresponding mortgage (in lieu of first pursuing a promissory note claim) the argument fails.  In Florida, a secured lender can use a sequence of "money judgment first, foreclosures second." *Royal Palm Corporate Center Assoc. v. PNC Bank*, 89 So.3d 923, 933 (Fla. 4th DCA 2012) (holding

mortgagee could join its suit at law on the note with suit in equity for foreclosure of mortgage, and could pursue its legal remedy first).

Defendants' theoretical affirmative defense that SunTrust has to foreclose and seek a deficiency judgment before suing for a breach of promissory note has been rejected by over 100 years of precedent.  *See Kay v. Anderson,* 345 F.2d 169, 170 (5th Cir. 1965) ("It is well settled under the law of Florida that a holder of a note secured by a mortgage may bring an action on the note without seeking foreclosure of the mortgage, even over the debtor's insistence that he first look to such security."); *Webber v. Blanc,* 22 So. 655, 656 (Fla. 1897) ("The fact that a mortgage was taken to secure the note did not deprive the holder thereof of the legal remedy to collect it, nor is there any legal obstacle in the way of his suing at law for the balance due on the note after the sale under the foreclosure decree in equity"); *Vision Bank v. Luke* 2010 WL 2639597, *1 (N.D. Fla. 2010) ("Florida law [] permits a holder of a promissory note secured by real property to choose to pursue either an action on the note or an action to foreclose the mortgage, or both.")

Any purported defense of statutory rescission is time-barred.  *See* 15 U.S.C. § 1635(f) 12 C.F.R. § 226.23(a)(3).  Section 1635(f) is a statute of repose, completely eliminating the borrower's right to seek rescission three years from the date of consummation of the transaction. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998) (TILA "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run.").  The right of rescission (assuming only for purposes of this argument that one in fact existed) expired for good on April 27, 2010, three years after the closing.

### III. CONCLUSION

SunTrust has demonstrated its entitlement to enforce the promissory note and has factually refuted any hypothetical affirmative defenses. Summary final judgment should be awarded in SunTrust's favor and against Mr. and Mrs. Ruiz. SunTrust respectfully requests the Court **(i)** enter a judgment in favor of SunTrust Bank and against John and Mayra Ruiz in the amount of $3,664,242.01, plus per diem interest as set forth in the affidavit supporting summary judgment; and **(ii)** retain jurisdiction of this cause for the purpose of making all other orders and judgments as may be necessary and proper, including, without limitation, awarding attorneys' fees and costs pursuant to loan documents executed by John and Mayra Ruiz.

Respectfully submitted,

/s/ Eric S. Matthew
William P. Heller, Fla. Bar No. 987263
william.heller@akerman.com
Jeffrey A. Trinz, Fla. Bar No. 265683
jeffrey.trinz@akerman.com
Eric S. Matthew, Fla. Bar No. 0026539
eric.matthew@akerman.com
**AKERMAN LLP**
One Southeast Third Avenue, 25th Floor
Miami, Florida 33131-1714
305-374-5600 (ph)/305-374-5095 (fax)

*Counsel for SunTrust Bank*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 10, 2014 this document has been electronically filed with the Clerk of the Court via CM/ECF, which will automatically send a copy to all counsel of record in this case registered on the CM/ECF system, including Karen Barnet-Backer, Esq., La Ley Con John H. Ruiz, P.A., 4182 SW 74th Court, Miami, FL 33155 [E-mail: kbacker@lawofficeslaley.com, eservebacker@lawofficeslaley.com].

                                            /s/ Eric S. Matthew
                                            Eric S. Matthew