UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:2014-21107 CIV-LENARD

SUNTRUST MORTGAGE, INC.,

    Plaintiffs,
v.

JOHN HASAN RUIZ and MAYRA
CRISTINA RUIZ,

    Defendant.
_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR RECONSIDERATION AND TO VACATE ORDER STRIKING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND LEAVE TO FILE AMENDED MOTON FOR SUMMARY JUDGMENT

The Defendants, JOHN H. RUIZ and MAYRA C. RUIZ, by and through their undersigned counsel, hereby files their Reply to the Plaintiff's Response in Opposition to the Motion for Reconsideration and to Vacate Order Striking Defendants' Motion for Summary Judgment and Leave to File Amended Motion for Summary Judgment, and in support thereof, state as follows:

Plaintiff's Reply and opposition to the requested relief to file an amended Motion for Summary Judgment based on the exceeded page length is disingenuous and unreasonable. The Court struck the Motion for Summary Judgment on the sole basis that it exceeded the number of allowed pages of 20.

Plaintiff's counsel then accuses the undersigned of using "gamesmanship" in an effort to rectify an innocent and harmless defect, that is exceeding the page length.  During an email exchange regarding the undersigned's inquiry as to the requested relief to file an amended Motion for Summary Judgment, Plaintiff's counsel accused the undersigned of using Plaintiff's Motion for Summary Judgment which was e-filed on October 10, 2014 at 4:18 p.m.  The

1

undersigned efiled their Motion for Summary Judgment against the Plaintiff at 5:51 p.m. during which the motion and accompaying exhibits were being formatted by the undersigned's legal assistant.  The undersigned had not even seen the efiling, much less have an opportunity to review Plaintiff's Motion for Summary Judgment and represented the same to Plaintiff's counsel.  The undersigned is extremely offended at the stance taken by Plaintiff's counsel.

To make matters even more egregious is Plaintiff's counsel's attack upon the undersigned and her law firm by presenting to the Court a list of cases wherein the Defendant, John H. Ruiz, his law firm or the undersigned was counsel, and attempts to use various Court orders to demonstrate a negative history that is neither relevant, nor tells a complete or accurate recitation of the facts in each of those cases.  Regardless, there is no relevance of the procedural history of other, unrelated cases to the instant action as to the requested relief.

Plaintiff's opposition and presentation of facts and issues have no bearing on the matter at hand, i.e. Defendants' seeking leave to file an Amended Motion for Summary Judgment within the allowed page length, which was the sole basis for striking the Motion by the Court.  At the very least, the Court should have given Defendants leave to amend the Motion for Summary Judgment to comply with the local rules given the nature of the infraction.

Showing no inclination to resolve this controversy by a confrontation on the merits, the Plaintiff and its counsel is increasingly reaching for procedural technicalities, abusive and unprofessional tactics in order to gain an advantage over the Defendants.  The same Plaintiff and counsel that allowed a default to be entered against it for failure to file a responsive pleading in the underlying foreclosure action, and then sat on its rights and waited over a year before seeking to set aside the default and reinstate the defenses it would have had but for its negligence and that of its counsel.  The Plaintiff's opposition resorts to reckless misinformation in order to subvert

Defendants' efforts to seek their relief from this Court, including the Motion for Rule 11 Sanctions pending against the Plaintiff and its counsel. This behavior has no bearing in these proceedings and the Court should not permit this conduct.

If the Court takes issues with the Statement of Undisputed Facts, then it would be incumbent upon the Court to notify Defendants' counsel and afford an opportunity to cure the defect, should one exist. Neither Fed. R. Civ. P. 56 nor any other part of the Federal Rules of Civil Procedure authorizes the use of a motion to strike in the context of a statement of material facts, and plaintiffs fail to cite any rule or other authority for their motion. The only provision of the Federal Rules of Civil Procedure that specifically authorizes motions to strike is Rule 12(f), which applies solely to "pleadings," a term that is defined in Rule 7(a) to include only complaints, answers, cross-claims, and counterclaims.

Furthermore, even if a motion to strike were appropriate here, such motions "are strongly disfavored, and the decision of whether to strike all or part of a pleading or attachment thereto rests within the sound discretion of the court." U.S. ex rel. K & R Ltd. P'ship, 456 F. Supp. 2d at 51. No basis exists for the Court to grant such an extreme remedy here, particularly because the local rules already provide plaintiffs with an opportunity in a statement of genuine issues to contest any or all of the individual facts presented in the Defendants' Facts. In particular, a statement of issues would be the proper vehicle for plaintiffs to advise the court of any facts they believe are disputed or immaterial. See Local Civil Rule 7(h)(1). Plaintiff's unwillingness to avail themselves of the proper opportunity to respond to the Defendants' factual submission is a grossly inadequate basis for striking the Defendants' entire statement of facts.

The requirement that parties file statements of material facts and statements of genuine issues "assists the district court to maintain docket control and to decide motions for summary

judgment efficiently and effectively." Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 150 (D.C. Cir. 1996) (discussing former Local Rule 108(h), the predecessor to 7(h)(1), which was identical to the current rule). This procedure is intended to place "the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." Id. at 151 (citation omitted).  But the rule does not require the Defendants to guess which facts the plaintiffs are likely to agree with and to limit its submission to only those facts. The rule instead asks for "a statement of material facts as to which the moving party contends there is no genuine issue." Local Civil Rule 7(h) (emphasis added).  The purpose of the rule is to subject each fact to "close, adversarial scrutiny." Gardels v. Cent. Intelligence Agency, 637 F.2d 770, 774 (D.C. Cir. 1980) (discussing the substantially similar former local rule). Having both parties participate in the process "isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record." Jackson, 101 F.3d at 151 (quoting Gardels, 637 F.2d at 773 ). The value of the procedure lies not only in knowing the facts on which the parties agree, but also in revealing any disagreements they may have.

Courts have the discretion to accept even non-conforming documents. See Menkes v. Dep't of Homeland Sec., 662 F. Supp. 2d 62, 68 n.4 (D.D.C. 2009) ("given the de minimis nature of the violation and the drastic nature of striking [plaintiff's] motion, this Court exercises its discretion and accepts [plaintiff's 47-page] memorandum in its entirety."), aff'd, 637 F.3d 319 (D.C. Cir. 2011). The Court thus has the discretion to grant the Defendants' motion for reconsideration and for leave to file the amended motion for summary judgment.

WHEREFORE, Defendants have demonstrated a good cause basis for the Court to grant the requested relief, i.e. reconsideration of the order striking the Defendants' motion for summary judgment and granting leave to file the amended motion for summary judgment with the appropriate number of pages, and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was e-filed this 15th day of October, 2014 to: Eric S. Matthew, Esq. and Jeffrey A. Trinz, Esq., Akerman, LLP, Attorneys for the Plaintiff, One S.E. Third Avenue, 25th Floor, Miami, Florida 33131. jeffrey.trinz@akerman.com; elena.alzugaray@akerman.com; eric.mathew@akerman.com.

                LAW OFFICES LA LEY con JOHN H. RUIZ, P.A.
                Attorney for the Defendants RUIZ
                5000 S.W. 75th Avenue, 4th Floor
                Miami, Florida 33155
                Telephone (305) 614-2239
By: _____/s_____
                KAREN J. BARNET-BACKER, ESQUIRE
                Florida Bar No.: 54482
                kbacker@lawofficeslaley.com
                eservebacker@lawofficeslaley.com.