UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21107-CIV-LENARD/GOODMAN

SUNTRUST BANK,

    Plaintiff,

v.

JOHN H. RUIZ, and
MAYRA C. RUIZ,

    Defendants.
_____/

## ORDER ON MOTION FOR SANCTIONS

This matter is before the Undersigned on the District Court's referral [ECF No. 22] of Defendants John H. Ruiz and Mayra C. Ruiz's Motion for Sanctions Pursuant to Rule 11 [ECF No. 29] (the "Motion"). The Undersigned has reviewed the Motion, and Plaintiff SunTrust Bank's ("SunTrust") Opposition to the Motion [ECF No. 34]. Defendants have not filed a reply. As indicated at the October 2, 2014 hearing in this matter, the Undersigned delayed ruling on this Motion for additional time while the parties continued to work on settlement efforts. Those efforts have, to date, proved

unsuccessful, and the Motion is now ripe for ruling. For the reasons outlined below, the Motion is **denied**.[1]

## I.    Background

This action arises from an alleged breach of the terms of a promissory note. According to the Complaint, the Defendants executed a promissory note in the amount of $2,999,500.00 in favor of SunTrust Mortgage, Inc. in 2007, which was later specially indorsed to SunTrust, as well as a mortgage (on a property located at 1540 Salvatierra Drive, Coral Gables, FL 33134 -- the "Salvatierra Property") that was subsequently assigned to SunTrust. [ECF No. 1, p.2]. Essentially, the Defendants have allegedly not made required payments on the promissory note since May of 2011, and this action was instituted by SunTrust to recover on the note. [*Id.*].

---

[1]     In this case, the parties specifically consented to my jurisdiction to hear any motions for sanctions [ECF No. 21-1], and the District Court subsequently referred such motions to me for entry of a final order [ECF No. 22]. Even if this were not the case, a United States Magistrate Judge has authority to enter an order (as opposed to a report and recommendations) denying sanctions. *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 767, 683 n.2 (S.D. Fla. 2012) (noting that the nature of the sanctions actually imposed, if any, dictates whether a magistrate judge has authority to enter an order). *See generally Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995) ("[e]ven [where] a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction," then the order is treated as not dispositive under Federal Rule of Civil Procedure 72(a)).

**II.     Analysis**

  **a. The Rule 11 Standard.**

Rule 11 of the Federal Rules of Civil Procedure provides that an attorney signing a pleading, motion, or other paper presented to a court is certifying that the claim raised in that document is not frivolous and is not brought for an improper purpose. Fed. R. Civ. P. 11(b). The rule allows for sanctions where a party violates that certification, but only after notice and the opportunity for the offending party to respond. Fed. R. Civ. P. 11(c).

In this Circuit, "a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

Under this first prong -- whether the party's claims are objectively frivolous -- the reviewing court takes into consideration what was reasonable to believe at the time that the subject of the sanctions motion was filed. *Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir. 1987). Sanctions for an objectively frivolous claim are proper in these three circumstances: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable

3

chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates*, 87 F.3d at 1254.

If the first prong of the analysis is met, then a reviewing court moves to the second prong. The second prong -- the reasonable inquiry prong -- "focuses on whether the lawyer should have been aware that the claims were frivolous." *Benavides v. Miami Atlanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1238-39 (S.D. Fla. 2008). In particular, the reviewing court looks to the amount of time that was available for investigation before filing the document in question, whether the signing attorney had to rely on a client for the underlying facts at issue, and whether the document "was based on a plausible view of the law," to determine whether the attorney's pre-filing inquiry was reasonable. *Id.* (internal citations omitted).

### b.  The Cited Grounds for Relief do not Warrant Rule 11 Sanctions.

Defendants cite three separate grounds for their Motion for Sanctions, all based on the Complaint that Suntrust filed in this case. As referenced above, this is a straightforward, one-count action to recover for an alleged breach of a promissory note.

Before evaluating the grounds for the Motion for Sanctions, it should be noted that the Motion has much in common with Defendants' previously filed motion to dismiss, which is now pending before the District Court. [*Compare* ECF No. 13 *with* ECF No. 29]. In fact, based on the Undersigned's review, the two documents are nearly

identical, word-for-word, except that in the later-filed Motion for Sanctions, the Rule 11 legal standard is substituted for that of a motion to dismiss, and Defendants have included a very short argument for why sanctions are justified here. Aside from including their motion to dismiss arguments in this Motion for Sanctions, Defendants' only argument or actual analysis of why sanctions are warranted is contained in this single paragraph:

> Plaintiff[sic] action for breach of promissory note constitutes a frivolous filing and/or is subject to *res judicata* in that it not only improperly attempts to split causes of action, but it is estopped from pursuing this cause of action on the grounds that it would have been compulsory for it to do so in the State Court action, but for the default that was entered against it. The default therefore constitutes a bar against Plaintiff's ability to pursue this action [sic] of action in this jurisdiction.

[ECF No. 29, p. 18]. The fact that this Motion for Sanctions is so similar to the motion to dismiss pending before the District Court is problematic. Were the Undersigned to make substantive rulings or findings related to this Motion for Sanctions, those findings or rulings could well be at odds with the District Court's later determinations on the motion to dismiss. It is not for the Undersigned, without direction from the District Court, to make such a ruling or finding.

In any event, that issue is beside the point here, because, even accepting the conduct that Defendants cite as true, it simply does not rise to the level that would warrant the imposition of Rule 11 sanctions. Each of the grounds that Defendants cite in

5

the Motion for Sanctions, which are also raised in their motion to dismiss, is examined in turn below.

Defendants first argue that the instant lawsuit impermissibly seeks to split causes of action, and that principles of *res judicata* preclude SunTrust from doing so. Essentially, Defendants argue that SunTrust was a party to a separate action (the so-called "Gibraltar Action"), and that SunTrust should have brought a cross claim for recovery on the promissory note and mortgage foreclosure against the Defendants in that case. [ECF No. 29, pp. 2-4].

The Gibraltar Action was instituted in Florida state court by Gibraltar Private Bank & Trust ("Gibraltar"), who funded Defendants' construction loan to build a home in Coral Gables, Florida. [*Id.* at 1]. A lien was placed against the home at issue in *this* case, the Salvatierra Property, in favor of Gibraltar as additional collateral for that construction loan. [*Id.* at 2]. Defendants argue that SunTrust's interest in the Salvatierra Property is subordinate to that of Gibraltar. [*Id.*]. According to Defendants, a default was entered against SunTrust in the Gibraltar Action, that default has not been set aside, the claims SunTrust has asserted in *this* lawsuit should have been raised in the Gibraltar Action, and so principles of *res judicata* preclude SunTrust from filing this lawsuit. [*Id.*]. As referenced above, these arguments are also raised in Defendants' motion to dismiss. [ECF No. 13, pp. 9-11].

SunTrust, in its opposition to the Motion for Sanctions, disagrees with the argument that *res judicata* applies here, noting, among other things, that this is the only action SunTrust has instituted to recover on the promissory note. [ECF No. 34, p. 4]. SunTrust has also argued this position in their opposition to the motion to dismiss. [ECF No. 18, pp. 4-6].

Second, Defendants argue that SunTrust's efforts to impose a deficiency against the Defendants are premature, because there has not been a final judgment, or foreclosure sale of the Salvatierra Property. [ECF No. 29, pp. 12-16]. Defendants make this argument in their motion to dismiss as well. [ECF No. 13, pp. 13-15]. SunTrust counters that it is not seeking a deficiency judgment, and that this action is for breach of a promissory note, not mortgage foreclosure. [ECF No. 34, p. 5]. SunTrust also makes this argument in its opposition to the motion to dismiss. [ECF No. 18, pp. 7-8].

Third, Defendants argue that this Court lacks jurisdiction because a Florida State Court has already invoked and exercised jurisdiction over the foreclosure action and parties at issue here. [ECF No. 29, p. 17]. In Defendants' view, the promissory note and mortgage at issue in this case run together, the Salvatierra Property mortgage is already the subject of state litigation, and so this Court does not have jurisdiction to hear this case. [*Id.*]. As with their other arguments, Defendants have raised this argument in their motion to dismiss. [ECF No. 13, pp. 15-17]. SunTrust, predictably, disagrees, and in fact argues that there is no pending state court foreclosure action, and that even if there was,

7

it would not bar a suit such as this one, for money damages. [ECF No. 34, pp. 5-6]. This argument is also raised in SunTrust's motion to dismiss. [ECF No. 18, pp. 8-9].

Even if Defendants ultimately prevail on the above arguments in their motion to dismiss, SunTrust's conduct simply does not rise to a level warranting the imposition of sanctions. SunTrust clearly has a factual basis for bringing its claim for recovery on the promissory note. As SunTrust notes in its opposition brief, Defendants have admitted in response to requests for admission that they executed the promissory note in question, that the refinance loan they received satisfied two existing liens on the home in question, and that they received $913,885.98 at closing. [ECF No. 24, pp. 2-3]. In addition, Defendants admit that they reviewed and understood the terms of the promissory note before signing it, and that, without any instruction or authorization to do so, they stopped making monthly payments on the promissory note beginning in May of 2011. [*Id.*].

These admissions demonstrate that SunTrust's complaint has at least *some* reasonable factual basis, and Defendants have not successfully pointed to any other facts that, if true, would undermine this reasonable factual basis to the point that sanctions are justified under Rule 11. Even if the Court were to find that there was no reasonable factual basis for the Complaint in light of the arguments that Defendants have raised here and in their motion to dismiss, Defendants have proffered no evidence that SunTrust should have been aware the Complaint was frivolous at the time it was

filed. So, even if the Undersigned were to find that the first prong for Rule 11 sanctions were met here (and I am not), the Motion would still fail on the second prong.

In addition, SunTrust's legal theory clearly has at least some reasonable chance of success. SunTrust argues that *res judicata* does not apply here, that it is not seeking a deficiency judgment in this case, and that there is no basis to dismiss this case for lack of jurisdiction. While Defendants have filed a motion to dismiss the complaint and believe the complaint is a frivolous, SunTrust quite clearly disagrees, and has at least some legal basis for doing so, as described above. These legal issues will be resolved by the District Court, but no matter how the District Court ultimately decides the issues, SunTrust's conduct does not warrant the imposition of sanctions. SunTrust's legal theories have at least a reasonable chance of success, and that is all that Rule 11 requires.

Finally, Defendants have not made any specific argument that SunTrust filed this action in bad faith or for an improper purpose, aside from the single allegation that the complaint constitutes a frivolous filing. [ECF No. 29, p. 18]. As outlined above, the Complaint *does not* constitute a frivolous filing, and there is absolutely no evidence that SunTrust filed this action in bad faith or for an improper purpose.

### III. Conclusion

Defendants' Motion for Sanctions Pursuant to Rule 11 is **DENIED.** The burden required to impose sanctions under Rule 11 is steep, and Defendants' Motion has failed to meet that burden. *Lopez v. Yvette Pereyra Ans, M.D., P.A.*, 09-60734-CIV-COHN, 2010 WL 555918 (S.D. Fla. Feb. 11, 2010). As outlined above, even if the facts and arguments raised in the motion are true, they do not rise to a level warranting the imposition of sanctions under Rule 11.

**DONE AND ORDERED** in Chambers, Miami, Florida, October 17, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Joan A. Lenard
All counsel of record