UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21107-CIV-LENARD/GOODMAN

SUNTRUST BANK,

    Plaintiff,

v.

JOHN H. RUIZ, and
MAYRA C. RUIZ,

    Defendants.
_____/

**REPORT AND RECOMMENDATIONS ON DEFENDANTS' MOTION TO STAY ENFORCEMENT/EXECUTION OF FINAL JUDGMENT PENDING APPEAL**

Defendants John H. Ruiz and Mayra C. Ruiz ("Ruizes") are challenging on appeal [ECF No. 139] District Court Judge Joan A. Lenard's final judgment entered against them [ECF No. 137] on June 26, 2015 for $3,718,479.61. They want the Court to stay enforcement and prevent Plaintiff SunTrust Bank ("SunTrust") from executing on the judgment while their appeal is pending. They want this relief without posting a bond. The Ruizes say that SunTrust misrepresented facts to Judge Lenard because it falsely advised Judge Lenard that no payments had been made on the promissory note since May 1, 2011 (even though they claim to have made a $1.45 million lump sum payment in June 2014). They also say this $1.45 million alleged payment was not

properly applied toward the amounts they owed under the promissory note. SunTrust opposes [ECF No. 150] the motion. Judge Lenard referred the motion to me. [ECF No. 142].

The Undersigned has reviewed the motion, response and reply, as well as the relevant portions of the record.

Claiming that the Ruizes modified their mortgage on the homestead property which serves as collateral for the mortgage loan on the very day the final judgment was entered and also shifted assets into a trust during this lawsuit, SunTrust contends it is not adequately protected. The Ruizes deny modifying their mortgage then, arguing that it was done almost a year earlier, in June 2014. Their reply does not contest the allegation that that they shifted assets into a trust, however. They urge the Court to exercise its discretion and issue a stay without a bond.

SunTrust also says the Ruizes have not demonstrated why the Court should depart from the usual rule requiring a supersedeas bond as a condition for the stay. The Undersigned agrees, and I therefore respectfully **recommend** that Judge Lenard **deny** the motion for the reasons outlined in greater detail below.

Factual Background

SunTrust filed its lawsuit against the Ruizes on March 26, 2014. [ECF No. 1]. The Ruizes have vigorously contested this action from its inception, filing a motion to dismiss [ECF No. 13], a motion for sanctions under Rule 11 [ECF No. 2], a summary

judgment motion [ECF No. 58], an amended summary judgment motion [ECF No. 65], a motion to dismiss for lack of subject matter jurisdiction (or to remand to state court) [ECF No. 97], a motion for a show cause order for alleged omissions and material misrepresentations and fraud upon the Court [ECF No. 110], a motion for sanctions against both SunTrust and its counsel [ECF No. 112], and a second motion for a show cause order against SunTrust and its counsel for purported intentional misrepresentations made to the Court [ECF No. 129].

In addition to these substantive motions challenging SunTrust's ability to move forward on the lawsuit, the Ruizes also challenged many of the Court's rulings through myriad motions for reconsideration of orders adverse to them. [*See, e.g.*, ECF Nos. 60; 107; 109; 111].

On January 30, 2015, the Court entered an Order [ECF No. 106] granting SunTrust's summary judgment motion. Because of motions filed by the Ruizes, the actual final judgment was not entered for almost another five months -- on June 26, 2015. [ECF No. 137]. The Ruizes filed a notice of appeal on July 9, 2015 [ECF No. 139] and then, a day later, filed the instant motion to stay enforcement and/or execution.

In their motion, the Ruizes contend that the "unusual circumstances of this case" justify their request for a stay without posting a bond. [ECF No. 140, p. 6]. They argue that "the collection process is complex" and that their homestead property would remain protected and their other assets would remain with the JOCRAL Family Limited

3

Liability Limited Partnership. [ECF No. 140, p. 6]. They state that "a short stay in the execution of the Final Judgment will not hinder Plaintiff's time in executing the judgment, as Plaintiff is already in possession of the Final Judgment and will continued [sic] to be in possession of the Final Judgment if the appeal is affirmed." [ECF No. 140, pp. 6-7]. The Ruizes also say that SunTrust's decision to record the judgment has now created a lien on their homestead property. In addition to these points, their motion argues that (1) they are likely to prevail on the merits of their appeal, (2) they will be irreparably harmed if the Court does not grant a stay, (3) a stay would not substantially harm SunTrust, and (4) the stay would serve the public interest.

The Ruizes make inconsistent factual arguments about their argument that they are likely to succeed on appeal. They say they made a $750,000 cash payment to SunTrust in June 2014 and that SunTrust acquired a $700,000 mortgage lien on their current homestead property, which, according to the Ruizes, means that SunTrust "obtained" $1.45 million from them and the funds were to be applied toward the remaining balance under the Note. [ECF No. 152, pp. 2-3]. They later describe this $1.45 million as a "payment." [ECF No. 152, p. 4]. But they later classify the $1.45 million as a "proffer," [ECF No.152, p. 4], which is markedly different than an actual *payment*.

The Ruizes previously raised this very argument -- that they paid (or "proffered") $1.45 million but SunTrust failed to properly apply it -- in multiple filings submitted after the Court granted SunTrust's summary judgment motion. Specifically,

4

the Ruizes asserted this argument in their Motion for Rehearing [ECF No. 109], their Motion for a show cause order concerning SunTrust's alleged omissions, material misrepresentations and fraud upon the Court [ECF No. 110], their Motion for Reconsideration of an omnibus order striking their amended third-party complaint, denying as moot their motion to dismiss for lack of subject matter jurisdiction, etc. [ECF No. 111], their motion for sanctions against SunTrust and its counsel [ECF No. 112], and their second motion for a show cause order concerning Plaintiff's counsel's alleged misrepresentations [ECF No. 129].

The District Court denied all of these motions [ECF Nos. 135; 136].

In its opposition to the stay motion, SunTrust contends that the Ruizes have not demonstrated grounds to depart from the usual supersedeas bond requirement. It also argues that its judgment is not, in and of itself, a lien, which means that Federal Rule of Civil Procedure 62(f), which provides a judgment debtor the same stay of execution afforded by the state court if the "judgment is a lien on the judgment debtor's property . . .", is inapplicable. It also contends that, for all practical purposes, it gained no security from the lien created by its recording of the judgment because it cannot foreclose against two senior lienholders. Finally, it notes that the Ruizes would not be able to obtain a bond-free stay under applicable Florida procedural rules because Florida Rule of Appellate Procedure 9.310 requires a bond in an amount higher than the judgment amount.

Applicable Law and Analysis

Federal Rule of Civil Procedure 62(d) provides that an appellant may obtain a stay by posting a supersedeas bond. Pursuant to Local Rule 62.1, the bond is 110% of the amount of the judgment. The stay is effective when the court approves the bond.

So the Ruizes could obtain the stay they seek by posting a bond. But, as noted, they do not want to post a bond. Rather, they want a bond-free stay.

Southern District of Florida federal courts follow the rule that a bond is the norm for obtaining a stay and that a stay without one requires that one of two limited exceptions apply. Those two exceptions are (a) where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money, or (b) where the requirement would "put defendant's other creditors in undue jeopardy." *Avirgan v. Hull,* 125 F.R.D. 185, 186 (S.D. Fla. 1989) (also noting that Rule 62(d) "indicates that a court can only issue a stay pending appeal only when the judgment debtor posts a supersedeas bond"). *See also Lary v. Boston Sci. Corp.*, No. 11-cv-23820, 2015 WL 1000966, at *1 (S.D. Fla. Mar. 6, 2015); *Tara Prod., Inc. v. Hollywood Gadgets, Inc.,* No. 09-61436-CIV, 2011 WL 4020855, at *2 (S.D. Fla. Sept. 9, 2011).

Appellants like the Ruizes "[have] the burden to 'objectively demonstrate the reasons' for departing from the 'usual circumstances' of posting a supersedeas bond as a condition for a stay." *Lary,* 2015 WL 1000966, at *1 (citing *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979)).

The Ruizes have not demonstrated that their ability to pay is plain. In fact, the opposite scenario is true: their failure to pay on a promissory note is the very reason the judgment was entered against them. And they have not bothered to argue that a bond requirement would put other creditors in undue jeopardy.

Moreover, the Undersigned is unconvinced by the Ruizes' additional argument that a stay will not substantially harm SunTrust. Given the unrebutted allegation that the Ruizes moved assets during the litigation, this argument is not persuasive.

The Undersigned is not convinced by their alternate argument that Federal Rule of Civil Procedure 62(f) entitles them to the same type of stay from execution that they could obtain in state court. Rule 62(f) applies "if a judgment is a lien on the judgment debtor's property under the law of the state where the court is located." But a judgment in Florida is not by itself a lien on real property unless a judgment creditor takes the additional step of recording it "in the official records or judgment lien record of [a] county." *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1329 (M.D. Fla. 2011).

Defendants argue that Rule 62(f) applies because SunTrust took steps to record the judgment, but recording a judgment is "more than a ministerial act," so Rule 62(f) is inapplicable. *Id.*

The Undersigned is also not persuaded by the argument that SunTrust is protected by its lien. A stay may not issue "if the judgment creditor in reality gains no security from a lien." *Id*. As SunTrust noted in its response, the Ruizes' home is

encumbered by almost $7 million in mortgages, and lienholders hold a senior position to SunTrust. Therefore, SunTrust did not, practically speaking, gain any security by recording the judgment. *Garcia v. Stewart*, 906 So. 2d 1117, 1120 (Fla. Dist. Ct. App. 2005).

The Ruizes rely on a 15-year-old, out-of-Circuit district court case from Virginia and an inapposite Southern District of Florida case to support their theory that that Court should use its discretion to enter a bond-free stay. These authorities are not persuasive.

First, the court in *Alexander v. Chesapeake, Potomac, & Tidewater Books, Inc.*, 190 F.R.D. 190 (E.D. Va. 1999), did not enter a stay without *any* bond. Instead, the court ruled that Defendants, who were described as "insolvent," could obtain a stay by posting $16,175.50, the amount they set aside for payment to plaintiffs. The court used this amount because it determined it was adequate to put plaintiffs "in nearly the same position at the conclusion of the appeal of this case as they are currently." The Ruizes have not sufficiently explained why SunTrust would be in the same situation at the end of the appeal as they are now if a stay were to be entered without any bond.

Second, *Slip N' Slide Records, Inc. v. TVT Records, LLC*, actually helps *SunTrust* more than the Ruizes. In *Slip N' Slide*, the court noted that it had discretion to enter a stay but then explained that it "found, however, very little authority for entering such a stay without some security being posted." No. 05-21113, 2007 U.S. Dist. LEXIS 25730, at

8

\*6 (S.D. Fla. Apr. 8, 2007). Moreover, it then explained that Federal Rule of Civil Procedure 62, "taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for a new trial." *Id.* In addition, the court further explained that a scenario involving a defendant with a precarious financial situation "counsels not in favor of an unsecured stay, but, instead, in favor of a stay only upon the posting of adequate security." *Id.* at 7. Finally, the court there did not enter a bond-free stay. Instead, it initially entered a stay upon a pledge to not dissipate assets **and** the posting of security in the amount of 100% of the compensatory damages portion of the judgment -- i.e., $2,279,200. *Slip N' Slide Records*, No. 05-21113, ECF No. 485 (S.D. Fla. May 18, 2007). But it later issued an amended stay Order vacating the previous Order and requiring the defendant to post a bond in the amount of 110% of the judgment -- for $5,037,120.00. *Slip N' Slide Records*, No. 05-21113, ECF No. 527 (S.D. Fla. Nov. 2, 2007).

To be sure, as noted above, a district court has *authority* to stay a judgment without posting a bond. *Campbell v. Rainbow City, Ala.*, 209 Fed. App'x 873, 874 (11th Cir. 2006); *United States v. Certain Real & Pers. Prop. Belonging to Hayes,* 943 F.2d 1292, 1296 (11th Cir. 1991). But, given the circumstances above, the Undersigned is not inclined to recommend that the Court enter a stay without a bond. *Lary,* 2015 WL 1000966, at \*2. The Undersigned is not persuaded by the Ruizes' bold prediction that they will prevail on appeal. The Undersigned concludes that the correct result here is to

9

not exercise discretion to allow the rare situation where a party can put off collection efforts on a judgment by obtaining a stay without the posting of *any* security.

**Conclusion**

The Undersigned **respectfully recommends** that the District Court **deny** the motion for a stay without bond.

OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have fourteen days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each party may file a response to the other party's objection within fourteen days of the objection. Failure to timely file objections shall bar the parties from a de novo determination by the District Court of an issue covered in this Report and Recommendations and from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 757, 749-50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on August 16, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Joan A. Lenard
All counsel of record